IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No. 04-cv-00285-LTB-BNB

GENESIS INSURANCE COMPANY,

Plaintiff

v.

WAYNE EMMETT MCKILLOP, and
THE UNITED STATES OF AMERICA,

Defendants.

_____

ORDER
_____

Plaintiff Genesis Insurance Company ("Genesis") files a Motion to Amend Judgment under Fed. R. Civ. P. 59(e) and for Relief from Judgment under Fed. R.Civ.P. 60(b) in response to this court's Order granting summary judgment to Defendant United States of America ("Government") on the issue of whether the Genesis insurance policy indemnifies Defendant Wayne McKillop ("McKillop."). For the reasons stated below, Plaintiff's motion is DENIED.

### I. BACKGROUND

This case arises out of a May 1996 forest fire in the Pike National Forest near Buffalo Creek in Jefferson County, Colorado. On or about May 18, 1996 McKillop, a teacher at a Charter School in the Jefferson County School District ("JCSD"), organized a field trip for students from his school to property he used under a Term Special Use Permit ("Permit") issued by the United States Forest Service ("Forest Service"). The fire allegedly started from a campfire built by some of the students. The fire caused damage to private property and to property owned

by the Forest Service.

The Government is pursuing claims against McKillop for damages caused by the fire. In an earlier stage of this litigation, the Tenth Circuit Court of Appeals held that the Government's claims against McKillop were not governed by the statute of limitations provision of the Colorado Governmental Immunity Act ("CGIA"), C.R.S. §§ 24-10-101, *et seq,* because the government's claim arose from McKillop's alleged violation of the Permit and so had an independent basis in federal law. *United States v. King,* 301 F.3d 1270, 1275 (10th Cir. 2002).

Genesis provides insurance coverage to the Jefferson County School District. Both Genesis and the Government filed motions for summary judgment, seeking declaratory judgment on the issue of whether the Genesis insurance policy covers McKillop's potential liability for damages resulting from the fire. On August 23, 2005 I granted summary judgment to the Government on this issue, entering a declaratory judgment that Genesis is required to indemnify McKillop for claims made against him by the United States for damages arising out of the fire.

Genesis now moves for relief from judgment under Fed.R.Civ.P. 59(e), and to amend judgment under Fed.R.Civ.P. 60(b).

## II.  STANDARD OF REVIEW

A.  Rule 59(e)

The purpose of a motion under Rule 59(e) "is to correct manifest errors of law or to present newly discovered evidence." *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992). Such a motion may be granted when there is an intervening change in controlling law, when new evidence becomes available, or there is a need to correct clear error or prevent manifest injustice. *Mantle Ranches Inc., v. U.S. Park Service,* 950 F. Supp. 299, 300

(D. Colo. 1997). A Rule 59(e) motion is appropriate where "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension or there has been a significant change or development in the law or facts since submission of the issues to the court." *Gregg v. American Quasar Petroleum Inc.,* 840 F. Supp. 1394, 1401 (D. Colo. 1991). "A motion for reconsideration is not a license for a losing party's attorney to get a second bite at the apple and make legal arguments that could have been raised before." *Mantle Ranches, supra,* 950 F. Supp. at 300 (internal quotes and cites omitted).

B.   Rule 60(b)

Relief under Rule 60(b) is extraordinary and limited to certain exceptional circumstances. *Massengale v. Oklahoma Board of Examiners in Optometry,* 30 F.3d 1325, 1330 (10th Cir. 1994). Rule 60(b) has six specific subsections. At issue in this case are 60(b)(1), addressing "mistake, inadvertence, surprise or excusable neglect," and 60(b)(6), allowing relief for "any other reason justifying relief from operation of the judgment." Generally, the mistake prong of Rule 60(b)(1) applies where "the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996). "However, a 60(b) motion cannot be used as a substitute for appeal." *Morris v. Adams-Millie Corp.,* 758 F.2d 1352, 1357 (10th Cir. 1985.) A Rule 60(b) motion is based on "matters outside the issues raised and considered by the court in reaching its judgment." *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979). Rule 60(b) does not afford the parties a fresh opportunity to revisit issues already addressed in the underlying order or to offer new facts or arguments that were already available in the original proceeding. *Van Skiver v. United States*, 952 F.2d 1241,

1243 (10th Cir. 1991.) A district court has substantial discretion in ruling on a Rule 60(b) motion. *Pelican Production Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990).

### III. DISCUSSION

Genesis does not state what specific doctrine underlying Rule 59(e) it is invoking, or what specific provision of Rule 60(b) it relies upon. However, its motion seems to make a few basic points. First, that the Order of August 23, 2005 stated inaccurately that Genesis conceded that McKillop's field trip was school-sponsored and therefore conducted as part of his official duties. Genesis now contends that it does not concede this point and that an evidentiary hearing is necessary to resolve the issue. Second, Genesis argues that since McKillop's field trip was outside of the scope of his official duties, any liability stemming from actions during his field trip could not be covered by the Genesis Policy insuring the JCSD. Genesis also reiterates its argument previously briefed that the Tenth Circuit decision in *King* limits the Government to a contract theory of liability against McKillop, which necessarily means that McKillop's actions are not covered by the Genesis policy. None of these arguments provide a valid basis for review under Rule 59(e) or Rule 60(b).

Genesis states that it never agreed that McKillop's field trip was school-sponsored. However, in the Government's motion for summary judgment, it stated as an "undisputed material fact" that "On or about May 18, 1996, Wayne McKillop supervised a school-sponsored field trip for students from the Community Involved Charter School to the Cabin." (Government Motion for Summary Judgment, ¶ 4.) This motion was filed November 4, 2004. Genesis responded on November 30, 2004 and filed a reply brief on December 14, 2004. In none of these briefs did Genesis ever state that this fact presented as undisputed by the Government – that the field trip

4

was school-sponsored – was a fact in dispute.

Both the Government and Genesis agreed that this issue was appropriate for summary judgment because no material fact was in dispute. The Government put forward a material fact that Genesis failed to dispute. Genesis now argues, post-judgment, that it wishes to dispute a material fact it failed to contest in its briefs. This is not a basis for review under Rule 59(e) or Rule 60(b).

Genesis also argues that since McKillop's field trip was outside of his duties as a teacher, it was not covered by the Genesis insurance policy. Alternatively, Genesis argues that the Tenth Circuit's decision in *King* necessarily means that regardless of whether McKillop was acting within his official duties, the Government's only claim against McKillop is a contract claim that is not covered by the Genesis policy.

These arguments basically repeat the arguments Genesis made in its briefs on the motion for summary judgment. Genesis offers no new fact or legal argument; it merely contends that this Court reached the wrong conclusion the first time and is trying once again, relying on the same facts and arguments, to obtain a different result. A party employing this approach has no remedy under Rule 59(e) and Rule 60(b).

Therefore, Plaintiff's Combined Motion for Relief from Judgment and to Amend Judgment is DENIED.

**DONE and ORDERED,** this __28th__ day of October, 2005 at Denver, Colorado.

                                                  s/Lewis T. Babcock
                                                  United States District Chief Judge